IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00CR 74-1
1:04 cv 251

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD ALLEN JACKSON | ) |

## MOTION FOR LEAVE TO INTERVIEW JURORS

Richard Allen Jackson, through undersigned counsel, respectfully moves the Court to permit counsel or their representatives to contact and interview the jurors in his case, pursuant to Local Rule 47.2, which requires leave of the presiding judge upon good cause shown. Such an opportunity is essential to secure rights guaranteed to Mr. Jackson by 28 U.S.C. §2255, 21 U.S.C. §848(q)(4)(B), and the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution.

On May 14, 2001, following a trial and sentencing hearing before this Court, Mr. Jackson was convicted and sentenced to death. Mr. Jackson's direct appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful, *see United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003), and a petition for *certiorari* was denied by the U.S. Supreme Court on November 17, 2003.

Section 2255 of Title 28 sets forth a one-year period of limitations for filing a motion seeking post-conviction relief. Mr. Jackson's motion for relief pursuant to 28 U.S.C. § 2255 must be filed no later than November 16, 2004.

It is counsel's responsibility in post-conviction proceedings to investigate and determine whether Mr. Jackson's constitutional rights were violated by juror misconduct and/or juror bias. The United States Constitution guarantees the defendant a trial by

impartial jurors who are not exposed to extraneous information or influence or motivated by bias. *See Williams v. Taylor*, 529 U.S. 420 (2000); *Remmer v. United States*, 350 U.S. 377 (1956); *Remmer v. United States*, 347 U.S. 227 (1954). The importance of close scrutiny for any inappropriate contact is heightened when a sensational case results in an emotionally charged, highly publicized trial. *See Sheppard v. Maxwell*, 484 U.S. 333, 351 (quoting *Patterson v. State of Colorado*, 205 U.S. 454, 462 (1907)).

The circumstances of Mr. Jackson's case are replete with factors that increase the likelihood of a jury problem of constitutional dimension. Public attention to this case was enormous and extended over a period of many years. Publicity accompanied the discovery of Ms. Styles' body, the arrest of Mr. Jackson, and every subsequent event relating to his three trial proceedings (and initial successful appeal) concerning his responsibility for the murder of Ms. Styles.

For the reasons stated herein, Mr. Jackson respectfully requests that the Court, for good cause shown, grant leave to counsel or their representatives to interview the jurors who served in this case.

Respectfully submitted this the 16th day of November, 2004.


M. Gordon Widenhouse, Jr.
NC State Bar No. 10107
Rudolf Widenhouse & Fialko
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:   919-967-4900
Telefax:       919-967-4953


Shelagh Rebecca Kenney
NC State Bar No. 28202
Center for Death Penalty Litigation, Inc.
201 West Main Street, Suite 301
Durham, NC 27701
Telephone:   919-956-9545
Telefax:       919-956-9547

Attorneys for Richard Allen Jackson

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion for Leave to Interview Jurors was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Richard L. Edwards
Assistant U.S. Attorney
233 U.S. Courthouse
100 Otis Street
Asheville, NC 28801-2611

This the 16th day of November, 2004.

Shelagh Rebecca Kenney
NC State Bar No. 28202
Center for Death Penalty Litigation, Inc.
201 West Main Street, Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax: 919-956-9547

Attorney for Richard Allen Jackson