IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV251
(1:00CR74)

FILED

2004 DEC 10  AM 10: 58

W. DIST. OF N.C.

RICHARD ALLEN JACKSON,      )
                            )
            Petitioner,     )
                            )
vs.                         )
                            )
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )
_____)

## BUNCOMBE COUNTY DEPARTMENT OF SOCIAL SERVICES'S OPPOSITION TO PETITIONER'S MOTION FOR RECORDS OF THE BUNCOMBE COUNTY DEPARTMENT OF SOCIAL SERVICES

NOW COMES the Buncombe County Department of Social Services (the Department), by and through its attorney, Charlotte W. Nallan, and files this Opposition to the Petitioner's Motion for Records of the Buncombe County Department of Social Services, and respectfully moves this court to deny the petitioner's Motion, and in support thereof alleges the following:

The petitioner has moved for the Court to order the Department to provide his counsel with the Department's records on all of the foster parents for the petitioner. However, the petitioner has failed to serve the Department with this motion or to subpoena these records. Since the Department is not a party to the above action, the petitioner has not subpoenaed these records, and the Department has not been served with a copy of the motion, this Court does not have jurisdiction to order the Department to produce these records. The Department was only informed of the Motion by the

Government's attorney, who provided the Department with a copy of this Motion on December 6, 2004.

Further, "A habeas petitioner, unlike the usual civil litigant in Federal Court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 17 S. Ct. 1793; 138 L. Ed. 97 (1997). Rather, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of the Rules Governing Section 2255. Therefore, the petitioner would need to "make a particularized showing of what information he was seeking or how it would be material." *Pennsylvania v. Ritchie*, 480 U.S. 39, 58; 107 S. Ct. 989; 94 L. Ed. 2d 40 (1987).

In this motion the petitioner has not made a particularized showing of what information he was seeking or how it would be material. Instead, the petitioner is asking to engage in a fishing expedition in the hopes that some information can be learned that might help his appeal, without even alleging how a possible mistreatment of some other foster children that the petitioner was not exposed to is related to mitigating evidence for himself. The only specific allegation made in the motion is that "there were allegations by one foster parent that another foster parent caring for Petitioner showed no affection or attention to him." Even if this is true, the petitioner has not shown how it would be material.

It would be practically impossible to obtain any records concerning the other foster children or these foster families at this time. The Foster Parent Licensing records are purged three years subsequent to the termination of the foster home license. Since these families provided foster home care for the petitioner in the 1970s, it is unlikely that

they still exist, and without these records it would be impossible to know who were the foster children in their homes. Also, some of these foster families might have been licensed by another Agency, as the Department places children in foster homes licensed by many different agencies. Further, any substantiations of abuse or neglect on a foster home are not contained in the Licensing records; it is contained in the record of the identified child victim's record. All information related to any type of mistreatment of the petitioner by any of the foster families would be contained in the petitioner's record maintained by the Department, and the petitioner has already been provided these records. See attached email from Christina Papesh, marked Exhibit A, on how Foster Parent Licensing records are maintained.

For all of the above reasons the Buncombe County Department of Social Services moves this court to deny the petitioner's Motion for Records of the Buncombe County Department of Social Services.

THIS the 10th day of December 2004.

Charlotte W. Nallan, Esq.
Attorney for the Buncombe County
Department of Social Services
P. O. Box 7408
Asheville, NC 28802
828-250-5624
BAR # 9650

# Charlotte Nallan

**From:** Christina Papesh
**Sent:** Wednesday, December 08, 2004 10:56 AM
**To:** Charlotte Nallan
**Cc:** Mandy Stone
**Subject:** confidential

I am responding to the request to clarify the confidentiality obligations around Foster Parent Licensing records.

Basically, only the portions of the foster parent record that we send to our Regional DSS office is considered public record, this is limited to licensure and relicensure packages. This does not contain any child specific information. This only contains the environmental and health assessment for the family, as well as criminal record checks and verification that the adult members of the household were not named as perpetrators on the central registry. At the time Richard was in foster care, families were denied licensure if they were named as a perpetrator on the central registry.

Any child specific information is maintained in the child's record. We do not put children's names/identities in the Licensing record. Any substantiations of abuse or neglect on a foster home are not contained in the Licensing record, it is contained in the record of the identified child victim's record.

Any other portions of the Licensing Records are kept confidential (i.e. any support work done with the family)

These records are purged three years subsequent to the termination of the foster home license.

Please let me know if you need anything further on this.

1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a copy of the foregoing pleading to the above-entitled action upon all other parties to this cause by depositing same in a properly addressed envelope with adequate postage thereon in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly address to the attorney or attorneys for the parties, as follows:

Shelagh Rebecca Kenney, Esq.
Center for Death Penalty Litigation, Inc.
201 W. Main Street, Suite 301
Durham, NC 27701

M. Gordon Widenhouse, Jr., Esq.
Rudolph Widenhouse & Fialko
312 West Franklin Street
Chapel Hill, NC 27516

Gretchen C. G. Shappert, Esq.
Richard Lee Edwards, Esq.
Assistant U. S. Attorneys
233 U. S. Courthouse
100 Otis Street
Asheville, NC 28801-2611

This the 10th day of December 2004.

Charlotte W. Nallan, Esq.