IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED

'04 DEC 10 PM 3:41

W. DIST. OF N.C.

CIVIL NO. 1:04CV251
(1:00CR74)

| | |
|---|---|
| RICHARD ALLEN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO FILE AMENDMENTS

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and pursuant to the Court's Order of November 22, 2004, and files this Opposition to the Petitioner's Motion for Leave to File Amendments. On November 16, 2004, the Petitioner Richard Allen Jackson filed a 188-page Motion to Vacate Conviction and Sentence, citing thirty different grounds in support of such motion. On page 187, in which Jackson sets forth the relief he seeks, he includes a request that this Court permit him a sufficient period of time within which to file amendments to his motion, including any additional claims or allegations not presently known to him or his counsel, and to allow the amendment to relate back to the date of filing of this motion. The United States respectfully submits that the Court should deny that motion.

In *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2002), the Fourth Circuit noted that pursuant to the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), a convicted

defendant has one year to file a Section 2255 motion once his direct appeal has been concluded. Looking to Federal Rule of Civil Procedure 15(c) for guidance, the Court held that once that one year period has run, any later motions to amend the petition must relate back to the claims in the original petition. Under *Pittman*, any new claims that arise from separate occurrences of "time and type" do not permissibly relate back to the claims of the original timely petition. Any completely new claim cannot relate back. *Id.* at 318.

The petitioner in *Pittman* unsuccessfully argued that his motion to amend should have been found to relate back to his original petition because the "occurrence" was the entire trial and sentencing. The Fourth Circuit rejected this argument:

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA.

*Id.*

Here, Jackson filed his original motion in a timely fashion, on the last day of the one-year statute of limitations. As the United States reads the language of Paragraph 4 on page 187 of his motion, however, it appears that he is asking that this Court issue a blanket order permitting him some unspecified period of additional time within which he could file not only amendments that might properly relate back to his original timely claims, but also *any* new matters, new arguments, and new claims which might occur to him and his attorneys in the future. The law plainly does not allow for this, and Jackson has cited no authority for the Court to ignore the clear strictures of the statute, the rules, and case law in allowing him to evade the statute of limitations.

2

The United States therefore opposes Jackson's anticipatory request for broad permission to make later additional claims. Rather, if and when Jackson seeks to amend his petition, the parties will be able to brief the matter on an informed, proposal-by-proposal basis, and this Court will then be able to determine whether the proposed amendment comports with *Pittman* and its progeny.[1]

This the 10th day of December, 2004.

Respectfully submitted,

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

RICHARD LEE EDWARDS
ASSISTANT UNITED STATES ATTORNEY

---

[1] The United States this week has informed Jackson's counsel of some recently-learned information concerning possible allegations that another person assisted Jackson in the abduction or murder of Karen Styles. Since this was information not known by Jackson's attorneys before the running of the statute of limitations, the United States will not, of course, be opposing Jackson's ability to file a claim based on such information.

3

# CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the above upon the defendant by preparing a copy of the same, together with a copy of this certificate of service, for mailing to the defendant. Upon the filing of this pleading and certificate with the Court, a "file stamped" copy of such documents will be placed in an envelope, with adequate postage thereon, in an official depository of the United States Postal Service addressed to:

> M. Gordon Widenhouse, Jr.
> Attorney at Law
> Rudolf Widenhouse & Fialko
> 312 West Franklin Street
> Chapel Hill, NC 27516

> Shelagh Rebecca Kenney
> Attorney at Law
> Center for Death Penalty Litigation, Inc.
> 201 West Main Street, Suite 301
> Durham, NC 27701

being the address of counsel of record for the defendant. In the event these documents are not served upon the defendant in the manner and on the date described herein, the United States will immediately notify the Court and the defendant of the factually correct method of service of these documents.

This the __10th__ day of December, 2004.

_____Alicia W. Shelton_____
ALICIA W. SHELTON
Legal Assistant