LHT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00-CR-00074-1

FILED 2004 DEC 21 AM 9:12 U.S. DIST. CT. W.D. N.C.

UNITED STATES OF AMERICA )
)
v. )
)
RICHARD ALLEN JACKSON )

## MOTION FOR FUNDS FOR EXPERT ASSISTANCE

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and moves this Court for necessary funds to retain the assistance of experts that are essential to the full and fair presentation of the issues raised in his motion filed pursuant to 28 U.S.C. §2255. *See* 21 U.S.C. §848(q)(9). As explained more fully herein, the funds are necessary for experts in several areas that were critical to Jackson's trial and sentencing proceedings and deal directly with issues raised in his motion under section 2255. In further support of this request, Jackson shows the following:

1. Richard Allen Jackson was convicted and sentenced to death in this Court. Pursuant to his request, this Court has determined that he continues to be indigent and has appointed counsel to assist him in the preparation, filing, and litigation of a motion to set aside the judgment and sentence pursuant to section 2255. This comprehensive motion was filed on 16 November 2004.



234

2. In his motion filed pursuant to section 2255, Jackson raised numerous claims for relief based upon violations of his federal constitutional rights. Included in his claims were issues relating to (a) the failure of trial counsel to obtain and use an expert familiar with stun guns and the impact of the use of those guns on a person, particularly whether using a stun gun would leave a mark or blemish on the skin that could be identified solely from a photograph of a body, and the concomitant failure of trial counsel to challenge adequately the expert proffered by the government on this issue, including the failure to make a preliminary challenge to this testimony, the failure to impeach this testimony, and the failure to rebut this testimony; (b) the failure to identify, obtain, and use an expert in early childhood development who could have educated the jury regarding the significant effect of the physical, psychological, and emotional deprivation Jackson experienced during the first five and one-half years of his life; (c) the failure to identify, obtain, and use an expert in the area of autism who would have confirmed that Jackson suffers from a severe developmental disorder, explain the effects of this significant psychological condition on Jackson's behavior, and educated the jury about how this condition would have impacted and limited Jackson, as well as providing an explanation and link between the autistic condition of Jackson's biological sister and himself that would have established the genetic and biological link between these two sibblings that would have allowed the admission of important mitigating evidence regarding the behavior and condition of the biological sister vis-a-via Jackson; (d) the failure of trial counsel to establish the link between Jackson and his

biological sister from expert analysis that trial counsel possessed at the time he proffered this important mitigating evidence; and (e) the failure of trial counsel to present any expert psychological testimony regarding Jackson's seriously impaired mental, emotional, and psychological condition at the time of the crimes.

3. Upon a showing that expert assistance is reasonably necessary for the representation of a capital defendant in post-conviction, the appointment of these experts is mandatory. Section 848(u)(4)(B) provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5) (6) (7) (8) and (9).

21 U.S.C. §848(q)(4)(B). "On its face, the statute grants indigent capital defendants a mandatory right to qualify legal counsel and related services '[i]n any [federal] post conviction proceeding.'" *McFarland v. Scott*, 512 U.S. 849, 854 (1994); *see Williams v. Taylor*, 189 F.3d 421, 430 (4th Cir. 1999), *aff'd in part, rev'd in part on other grounds*, 529 U.S. 420 (2000) (tacitly approving mandatory appointment of experts).

4. Section 848(q)(9) requires only that a capital defendant in a federal post-conviction proceeding make a showing that expert services are reasonably necessary for representation either in connection with issues relating to a challenge to his guilt or his sentence. This requirement contemplates that funds should be provided for expert assistance that is necessary to show how a particular aspect of Jackson's trial or sentencing hearing was

flawed. *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

5. Undoubtedly, effective defense sometimes requires the assistance of an expert witness. Indeed, "[t]his observation needs a little elaboration." *Williams v. Martin*, 618 F.2d 1021, 1025 (4th Cir. 1980). As the Fourth Circuit explained in*Williams,* this obligation arises whenever a substantial question exists over an issue requiring expert testimony for its resolution and a defendant's position on this issue cannot "be fully developed without professional assistance." *Id.* at 1026. *Williams* vacated the dismissal of a habeas corpus petition where the district court refused petitioner's request for funds to obtain an expert to question the accuracy of an autopsy. *Id.*

6. The undersigned have identified and consulted with Dr. Joseph F. Dyro, a recognized expert in biological engineering; Dr. Donald L. Rosenblitt, a recognized expert in early childhood development; Dr. Lee M. Marcus, a recognized expert in autism; Dr. Claudia L. Coleman, a recognized expert in forensic neuro-psychology, and Dr. Seymour Halleck, a recognized expert in forensic psychiatry. The assistance of each of these experts is reasonably necessary for the full and effective presentation and litigation of Jackson's motion under section 2255.

7. Dr. Dyro has already assisted the undersigned in developing the information to support the claims regarding trial counsel's constitutional ineffectiveness in dealing with the evidence used by the government regarding stun guns. In other work, Dr. Dyro has evaluated the methodology and opinions rendered by Dr. Robert Stratbucker in this matter.

Dr. Dyro has serious questions regarding Dr. Stratbucker's methodology and opinions. As explained in Jackson's motion, Dr. Dyro does not believe there is a scientific basis for Dr. Stratbucker's opinions and does not believe the relevant scientific community supports Dr. Stratbucker's approach, methodology, and conclusions. The issue regarding the use and effect of a stun gun is something beyond the ordinary knowledge of the undersigned. The assistance of an expert is more than reasonably necessary. This issue is especially significant in Jackson's motion. Dr. Stratbucker's testimony was introduced during the guilt phase of the trial and was important to the jury in determining premeditation and deliberation, as well as assessing the effect of the crime. In addition to its effect on the guilt phase of the proceedings, Dr. Stratbucker's testimony was also pivotal in the sentencing proceeding. His testimony regarding the use and effect of the stun gun on the victim strongly supported two of the aggravating circumstances found by the jury: a murder committed in an especially heinous, atrocious, or cruel and depraved manner and a murder committed after substantial planning and premeditation. Dr. Dyro bills his time at $300.00 an hour. His vitae is attached. The undersigned respectfully requests that this Court approve a fee of up to $5,000.00 for Dr. Dyro's assistance.

8. Dr. Rosenblitt has consulted with the undersigned on the issue of the significant deprivations Jackson experienced during his first five and one-half years. Dr. Rosenblitt believes that this deprivation was a contributing cause to Jackson's behavior later in life. The psychological and emotional results of this historic evidence of deprivation is

a specialized area with which the undersigned need assistance in the assimilation, presentation, and litigation of claims regarding the ineffectiveness of trial counsel in failing to identify this issue, request the assistance of a recognized expert, and present this expert explanation for the jury. Not a single juror found the submitted mitigating circumstance that:

> during his first five and one-half years of life, Richard Jackson was in eight different foster care homes. During that time, he was physically abused. Richard never knew the unconditional love of a mother or father until the age of five and one-half years old when he was placed in the home of Sally and J.D. Jackson.

Not a single juror found the existence of the submitted mitigating circumstance that:

> So much damage was done to Richard psychologically and physically before the age of five and a half years that the love and support of Sally and J.D. Jackson could not repair that damage.

Special Verdict Form Regarding the Punishment to be Imposed at 6-7. In order to assist the undersigned and render an opinion regarding this issue, Dr. Rosenblitt will be required to review a considerable number of documents and speak with various people familiar with Jackson's first five and one-half years. The undersigned respectfully requests that this Court approve a fee of up to $5,000.00 for Dr. Rosenblitt's assistance. His vitae is attached.

9. Dr. Marcus, who is a recognized expert in autism, has already reviewed a number of documents regarding Jackson and his biological sister, Wilma Kuykendall. Dr. Marcus has consulted with the undersigned and indicated he will be able to formulate an opinion regarding Jackson's severe developmental conditions and their effect on his behavior. Information about Jackson's condition would have been very significant,

especially at the sentencing phase. Five of the twelve jurors did not find as a mitigating circumstance that Jackson would go into strange episodes during which he would become rigid, with his eyes blank and his body shaking, and that these episodes did not lessen as he grew older. Not a single juror found the mitigating circumstance that by the time he was five and one-half years old, Jackson was already displaying inappropriate sexual behavior and masturbating frequently, and that this behavior did not change as he grew older. Only one of twelve jurors found that by the time Jackson was five and one-half years old he was already using obscene sexual language that was inappropriate for a child of his age, and that this behavior did not change over the years, and, in fact, worsened. Special Verdict Form Regarding the Punishment to be Imposed at 6. Dr. Marcus has explained to the undersigned that these behaviors are consistent with a person who suffers from severe developmental disorders. The undersigned needs the assistance of an expert in the area of autism to develop, present, and litigate the issue of trial counsel's ineffectiveness in failing to identify this condition, requests expert assistance, and present this important information to the jury. The undersigned respectfully requests that this Court approve a fee not to exceed $3,500.00 for Dr. Marcus's assistance. His vitae is attached.

10. Dr. Coleman was approved by this Court as an expert during Jackson's trial proceedings. The undersigned have consulted with Dr. Coleman. The undersigned believes Dr. Coleman is in a position to provide expert opinion regarding the biological and genetic linkage between Jackson and his sister. This expert testimony would have provided the

foundation required by this Court for the admission of important mitigating evidence. Dr. Coleman's assistance is necessary for the preparation, presentation, and litigation of the claim that trial counsel was ineffective in failing to provide this link and important mitigating evidence. For Dr. Coleman's continued participation and assistance, the undersigned respectfully requests that this Court approve an additional fee of up to $1,500.00.

11. Dr. Halleck was approved by this Court as an expert during Jackson's trial proceedings. The undersigned have consulted with Dr. Halleck and believe he is poised to provide expert opinion regarding the ineffectiveness of trial counsel in failing to present any expert testimony regarding Jackson's psychiatric and emotional condition at the time of the crimes. The undersigned have consulted with Dr. Coleman and believe she is in a similar position. One of the important issues in the motion to vacate involves trial counsel's ineffectiveness in failing to present this evidence to the jury. Not a single juror found the statutory mitigating circumstance that Jackson's capacity to conform his conduct to the requirements of the law was significantly impaired or that he committed the offenses under severe mental or emotional disturbance. Special Verdict Form Regarding Punishment to be Imposed at 5. For Dr. Halleck's continued participation and assistance, the undersigned respectfully requests that this Court approve an additional fee of up to $1,500.00.

12. Under the circumstances, the expert assistance from Dr. Dyro, Dr. Rosenblitt, Dr. Marcus, Dr. Coleman, and Dr. Halleck is reasonably necessary for the development, presentation, and litigation of a multitude of extreme significant issues in this matter. Under



Case 1:00-cr-00074-MR Document 234 Filed 12/21/04 Page 8 of 11

section 848(q)(9), *McFarland*, and *Williams*, this Court should approve these necessary experts and funds so they can assist Jackson.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court approve these experts and the requested funding so they can assist the undersigned in the representation of Jackson in his motion to vacate under 28 U.S.C. §2255.

RESPECTFULLY submitted this the 15th day of December, 2004.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse Jr.,
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax: 919-967-4953

**CENTER FOR DEATH PENALTY LITIGATION**

Shelagh Kenney
NCSB #28202
201 West Main Street
Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax: 919-956-9547

**ATTORNEYS FOR RICHARD ALLEN JACKSON**

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Funds for Expert Assistance was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service.

This the 15th day of December, 2004.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax: 919-967-4953

Served on:

Richard L. Edwards
Assistant United States Attorney
223 U.S. Courthouse
100 Otis Street
Asheville, NC 28801

01-108 P20

# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.