**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:00-CR-00074-1**
*1:04 CV 251*

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| RICHARD ALLEN JACKSON | ) |

## MOTION FOR EXTENSION OF TIME
## TO FILE SUPPLEMENTAL MATERIALS

NOW COMES Richard Allen Jackson, by and through his undersigned

counsel, and moves this Court for an additional ten (10) days in which to file

his affidavits and supplemental materials supporting his motion under 28 U.S.C.

§2255. As explained more fully herein, this brief extension is necessary to

facilitate the completion of these materials. In further support of this request,

Jackson shows the following:

1.     Richard Allen Jackson was convicted and sentenced to death in this

Court. Pursuant to his request, this Court has determined that he continues to

be indigent and has appointed counsel to assist him in the preparation, filing,

and litigation of a motion to set aside the judgment and sentence pursuant to

section 2255. This comprehensive motion was filed on 16 November 2004.

2. In his motion filed pursuant to section 2255, Jackson raised numerous claims for relief based upon violations of his federal constitutional rights. Included in his claims were issues relating to (a) the failure of trial counsel to obtain and use an expert familiar with stun guns and the impact of the use of those guns on a person, particularly whether using a stun gun would leave a mark or blemish on the skin that could be identified solely from a photograph of a body, and the concomitant failure of trial counsel to challenge adequately the expert proffered by the government on this issue, including the failure to make a preliminary challenge to this testimony, the failure to impeach this testimony, and the failure to rebut this testimony; (b) the failure to identify, obtain, and use an expert in early childhood development who could have educated the jury regarding the significant effect of the physical, psychological, and emotional deprivation Jackson experienced during the first five and one-half years of his life; (c) the failure to identify, obtain, and use an expert in the area of autism who would have confirmed that Jackson suffers from a severe developmental disorder, explain the effects of this significant psychological condition on Jackson's behavior, and educated the jury about how this condition would have impacted and limited Jackson, as well as providing an explanation and link between the autistic condition of Jackson's biological sister and himself that would have established the genetic and biological link between

2

these two sibblings that would have allowed the admission of important mitigating evidence regarding the behavior and condition of the biological sister vis-a-via Jackson; (d) the failure of trial counsel to establish the link between Jackson and his biological sister from expert analysis that trial counsel possessed at the time he proffered this important mitigating evidence; (e) the failure of trial counsel to present any expert psychological testimony regarding Jackson's seriously impaired mental, emotional, and psychological condition at the time of the crimes; (f) the failure of trial counsel to seek a continuance of the trial because they had not been given adequate time to prepare; (g) the failure of trial counsel to pursue resolution of this matter through a plea bargain in a timely manner; (h) and the failure of trial counsel to obtain Mr. Jackson's consent before both admitting his guilt in opening statement and closing argument and opening the door to the introduction of his confession, which was the subject of a motion to suppress and which the government had indicated it would not offer during its case-in-chief.

3.     Mr. Jackson filed several motions in conjunction with his motion under section 2255, including a comprehensive request for funds to secure expert assistance in several areas. This Court denied this motion on 31 January 2005. At the same time, this Court granted Mr. Jackson until 17 March 2005 in which to file "any additional affidavits or pleadings for consideration in this

3

matter," but cautioning him to avoid merely reiterating factual or legal arguments already presented.

4.     The undersigned have endeavored to meet this deadline.  However, the enormity of this task combined with others matters that have required their attention have made it virtually impossible to meet this deadline.   The undersigned request a brief extension of ten (10) days in which to file these materials.

5.     In the past few weeks, Shelagh R. Kenney has been involved in assisting in the representation of William D. Powell, Jr., who was executed on 11 March 2005.  Ms. Kenney has devoted most of her time in the past few weeks to this representation, as wold be considered both appropriate and a priority.   Mr. Widenhouse has filed a  brief in the United States Court of Appeals for the Fourth Circuit in *United States v. Williams*, No.  04-4801, on 8 February 2005; a brief in the North Carolina Court of Appeals in   *State v. Oglesby*, No. COA04-1534, on 1 February 2005; a petition for a writ of certiorari in *Kandies v. Polk*, No. 03-9, another capital case, on 22 February 2005.  These other pressing responsibilities have made it difficult to prepare and have executed the numerous affidavits necessary for this supplemental filing.

4

6. The undersigned also need to meet again with Mr. Jackson in finalizing these pleadings. He in incarcerated in Terre Haute, IN, which makes this task additionally cumbersome.

7. The undersigned request this additional ten days because it is necessary for the effective representation of Mr. Jackson. Having these affidavits executed requires, at least in the context of this case, personal attention by the undersigned to each affidavit and to each person signing it. This task has required extra time because none of the affiants are geographically close to the undersigned.

8. To the extent necessary to facilitate this motion, the undersigned waive any time periods prescribed in 28 U.S.C. §2266 and consent to any additional time the government might need to respond under these circumstances.

9. The undersigned has contacted opposing counsel, Matt Hellman, of the United States Department of Justice, who has indicated he does not oppose this extension. The undersigned have also been informed by Assistant United States Attorney Richard L. Edwards that he has additional materials to provide to them. These materials in the government's possession are not otherwise available to the undersigned and may have a direct impact on issues involved in this matter. Affording the undersigned this additional time will hopefully

5

allow them to review these materials and determine their relevance to this situation.

10.   The interests of justice would best be served by allowing the undersigned an additional ten (10) days, to and including 27 March 2005, in which to file the affidavits, documents, and supplemental materials in this matter.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court grant him an additional ten (10) days in which to file his supplemental materials in this matter.

6

RESPECTFULLY submitted this the 11th day of March, 2005.

**RUDOLF WIDENHOUSE & FIALKO**

*M. Gordon Widenhouse Jr.*

M. Gordon Widenhouse Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax:    919-967-4953


**CENTER FOR DEATH PENALTY LITIGATION**

*Shelagh Kenney*

Shelagh Kenney
NCSB #28202
201 West Main Street
Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax:    919-956-9547

**ATTORNEYS FOR RICHARD ALLEN JACKSON**

7

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Additional Time to File Supplemental Materials was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service.

This the 11th day of March, 2005.

RUDOLF WIDENHOUSE & FIALKO

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax:    919-967-4953

Served on:

Matt Hellman
United States Department of Justice
1331 K. Street, NW
Washington, DC 20530

01-108.P20

8