LH7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:00-CR-00074-1

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| RICHARD ALLEN JACKSON | ) |

## MOTION FOR EXTENSION OF TIME
## TO FILE SUPPLEMENTAL MATERIALS

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and moves this Court for an additional thirty (30) days in which to file his affidavits and supplemental materials supporting his motion under 28 U.S.C. §2255. As explained more fully herein, this extension is necessary in light of the recent appointment of the undersigned to represent another capital defendant in his effort to seek a writ of habeas corpus in this Court, which petition must be filed by 16 April 2005. *See Hyatt v. Polk*, No. 1:05CV55. In further support of this request, Mr. Jackson shows the following:

1.      Richard Allen Jackson was convicted and sentenced to death in this Court. Pursuant to his request, this Court has determined that he continues to be indigent and has appointed counsel to assist him in the preparation, filing, and litigation of a motion to set aside the judgment and sentence pursuant to section 2255. This comprehensive motion was filed on 16 November 2004.

238

2. In his motion filed pursuant to section 2255, Mr. Jackson raised numerous claims for relief based upon violations of his federal constitutional rights. Included in his claims were issues relating to (a) the failure of trial counsel to obtain and use an expert familiar with stun guns and the impact of the use of those guns on a person, particularly whether using a stun gun would leave a mark or blemish on the skin that could be identified solely from a photograph of a body, and the concomitant failure of trial counsel to challenge adequately the expert proffered by the government on this issue, including the failure to make a preliminary challenge to this testimony, the failure to impeach this testimony, and the failure to rebut this testimony; (b) the failure to identify, obtain, and use an expert in early childhood development who could have educated the jury regarding the significant effect of the physical, psychological, and emotional deprivation Mr. Jackson experienced during the first five and one-half years of his life; (c) the failure to identify, obtain, and use an expert in the area of autism who would have confirmed that Mr. Jackson suffers from a severe developmental disorder, explain the effects of this significant psychological condition on Mr. Jackson's behavior, and educated the jury about how this condition would have impacted and limited Mr. Jackson, as well as providing an explanation and link between the autistic condition of Mr. Jackson's biological sister and himself that would have established the genetic and biological link between these two siblings that would have allowed the admission of important mitigating evidence regarding the behavior and condition of the biological sister vis-a-via Mr. Jackson; (d) the failure of trial counsel to establish the link between Mr. Jackson and his biological sister from expert analysis that trial counsel

2

possessed at the time he proffered this important mitigating evidence; (e) the failure of trial counsel to present any expert psychological testimony regarding Mr. Jackson's seriously impaired mental, emotional, and psychological condition at the time of the crimes; (f) the failure of trial counsel to seek a continuance of the trial because they had not been given adequate time to prepare; (g) the failure of trial counsel to pursue resolution of this matter through a plea bargain in a timely manner; (h) and the failure of trial counsel to obtain Mr. Jackson's consent before both admitting his guilt in opening statement and closing argument and opening the door to the introduction of his confession, which was the subject of a motion to suppress and which the government had indicated it would not offer during its case-in-chief.

3. Mr. Jackson filed several motions in conjunction with his motion under section 2255, including a comprehensive request for funds to secure expert assistance in several areas. This Court denied this motion on 31 January 2005. At the same time, this Court granted Mr. Jackson until 17 March 2005 in which to file "any additional affidavits or pleadings for consideration in this matter," but cautioning him to avoid merely reiterating factual or legal arguments already presented. This Court then extended the time for filing these supplemental materials to 28 March 2005.

4. The undersigned, working with his co-counsel, has endeavored to meet this deadline. Indeed, the undersigned had intended to spend the majority of the next five days, including the weekend, completing this effort. However, the recent development in the *Hyatt* matter has made it impossible to complete this matter by March 28.

5. As this Court is aware, David G. Belser moved for the appointment of himself

3

and the undersigned to represent Mr. Hyatt in his forthcoming capital habeas proceeding. This Court initially appointed the undersigned, but declined to appoint Mr. Belser, on or about 8 March 2005. Mr. Belser had represented Mr. Hyatt in his state post-conviction proceedings and the undersigned agreed to assist Mr. Belser in the federal proceedings, based in part on Mr. Belsers knowledge of the case. The undersigned asked this Court to reconsider its decision to not appoint Mr. Belser. On 23 March 2005, this Court denied the motion to reconsider.[1] However, this Court recognized the predicament this decision might pose in light of the undersigned being counsel for Mr. Jackson.

6.      Upon receiving this Court's order in *Hyatt* on the afternoon of March 23, the undersigned immediately gathered the materials available in *Hyatt* and reviewed them in the evening. The undersigned also contacted Mr. Belser to determine where the other materials were and the extent of those materials. The undersigned learned Mr. Belser has approximately ten (10) boxes of materials relating to the *Hyatt* case. The undersigned believes it is imperative for him to obtain those materials immediately and spend as much time as required over the next five days assimilating them so that he can proceed in that representation and also obtain qualified co-counsel.

7.      As this Court is undoubtedly aware, the one-year deadline under 28 U.S.C. §§2254, 2263 for filing the habeas corpus petition is very rigid. This Court cannot readily extend it for equitable reasons. *Spencer v. Sutton*, 239 F.3d 626, 629-30 (4th Cir. 2001).

---

[1]The undersigned appreciates this Court's concern regarding whether to appoint Mr. Belser and its reconsideration of the matter.

4

Even the capital nature of the habeas proceeding does not alter the equitable tolling analysis. *Rouse v. Lee*, 339 F.3d 238, 253-54 (4th Cir. 2003)(en banc), *cert. denied*, 541 U.S. 905 (2004). Under these compelling circumstances, the undersigned believes he must devote his efforts over the ensuing days to the *Hyatt* matter.[2]

8. In light of these considerations, the interests of justice and the interests of both Mr. Jackson and Mr. Hyatt would best be served by extending the time for filing the supplemental materials in this matter for thirty (30) days, to and including 27 April 2005. To the extent necessary to facilitate this motion, the undersigned waives any time periods prescribed in 28 U.S.C. §2266 and consents to any additional time the government might need to respond under these circumstances.

9. The interests of justice would best be served by allowing the undersigned an additional thirty days, to and including 27 April 2005, in which to file the affidavits, documents, and supplemental materials in this matter.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court grant him an additional thirty (30) days in which to file his supplemental materials in this matter.

RESPECTFULLY submitted this the 24th day of March, 2005.

---

[2]In its order denying reconsideration of Mr. Belser's appointment, this Court recognized the situation facing the undersigned and indicated that "an extension of time will mostly likely be provided" if the undersigned "require[d] additional time in connection with the other death penalty case in which he currently appears before [this Court]," referring specifically to this case. The undersigned again appreciates this Court's recognition of this delicate situation.

5

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:    919-967-4900
Telefax:      919-967-4953

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Additional Time to

File Supplemental Materials was duly served upon the following by depositing same

enclosed in a post paid, properly addressed envelope in a Post Office or official depository

6

under the exclusive care and custody of the United States Postal Service.

This the 24th day of March, 2005.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:   919-967-4900
Telefax:       919-967-4953

Served on:

Richard Edwards
Assistant United States Attorney
233 United States Courthouse
100 Otis Street
Asheville, NC 28801-2611

01-108.P20

7