UHT

FILED
ASHEVILLE, N. C.

APR 28 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00-CR-00074-1

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| RICHARD ALLEN JACKSON | ) |

## MOTION FOR FUNDS FOR PRIVATE INVESTIGATOR

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and moves this Court for necessary funds to retain the assistance of a private investigator who is essential to the full and fair presentation of the issue raised in his amended motion filed pursuant to 28 U.S.C. §2255. *See* 21 U.S.C. §848(q0(9). As explained more fully herein, the funds are necessary to enable Mr. Jackson to investigate new information just disclosed by the government that is material to the reliability of the trial and sentencing proceedings and deal directly with the issue raised in this amended motion under section 2255. In further support of this request, Mr. Jackson shows the following:

1.      Richard Allen Jackson was convicted and sentenced to death in this Court. Pursuant to his request, this Court has determined that he continues to be indigent and has appointed counsel to assist him in the preparation, filing, and litigation of a motion to set aside the judgment and sentence pursuant to section 2255. This comprehensive motion was filed on 16 November 2004.

2.      In his amended motion filed simultaneously with this request, pursuant to section 2255, Mr. Jackson raised a claim that newly discovered evidence has emerged and

241

been provided by the government that is material to questions of jurisdiction, guilt, and penalty. This new evidence is fully described in the amended motion. Mr. Jackson needs investigative assistance to explore and develop this new information.

3. Upon a showing that investigative assistance is reasonably necessary for the representation of a capital defendant in post-conviction, the furnishing of these services is mandatory. Section 848(u)(4)(B) provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5) (6) (7) (8) and (9).

21 U.S.C. §848(q)(4)(B). "On its face, the statute grants indigent capital defendants a mandatory right to qualify legal counsel and related services '[i]n any [federal] post conviction proceeding.'" *McFarland v. Scott*, 512 U.S. 849, 854 (1994); *see Williams v. Taylor*, 189 F.3d 421, 430 (4th Cir. 1999), *aff'd in par, rev'd in part on other grounds*, 529 U.S. 420 (2000) (tacitly approving mandatory appointment of experts).

4. Section 848(q)(9) requires only that a capital defendant in a federal post-conviction proceeding make a showing that these services are reasonably necessary for representation in connection with issues relating to a challenge to either his guilt or his sentence. This requirement contemplates that funds should be provided for investigative assistance that is necessary to show how a particular aspect of Mr. Jackson's trial or sentencing hearing was flawed. *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

5. Undoubtedly, effective defense sometimes requires the assistance of an investigator. "[T]his observation needs a little elaboration." *Williams v. Martin*, 618 F.2d 1021, 1025 (4th Cir. 1980).

2

6. This new evidence must be explained. Mr. Jackson needs and is entitled to funds for the assistance of an investigator under section 848(q)(9) and *McFarland.* This Court should approve these necessary funds for this effort.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court approve funding of up to $1,000.00 for these investigative services to assist the undersigned in the representation of Mr. Jackson in his motion to vacate under 28 U.S.S. §2255.

RESPECTFULLY submitted this the 28th day of April, 2005.


**RUDOLF WIDENHOUSE & FIALKO**


M. Gordon Widenhouse Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:    919-967-4900
Telefax:      919-967-4953


**CENTER FOR DEATH PENALTY LITIGATION**


Shelagh Kenney
NCSB #28202
201 West Main Street
Suite 301
Durham, NC 27701
Telephone:    919-956-9545
Telefax:      919-956-9547

**ATTORNEYS FOR RICHARD ALLEN JACKSON**

3

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing MOTION FOR FUNDS FOR PRIVATE INVESTIGATOR was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service.

This the 28th day of April, 2005.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax: 919-967-4953

Served on:

Richard L. Edwards
Assistant United States Attorney
223 U.S. Courthouse
100 Otis Street
Asheville, NC 28801

Matt Hellman
Assistant Attorney General
1331 F Street, NW
Washington, DC 20530

01-108.P30

4

Case 1:00-cr-00074-MR    Document 241    Filed 04/28/05    Page 4 of 4