# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:00-CR-00074-1

F I L E D
ASHEVILLE, N. C.

AUG 1 8 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| RICHARD ALLEN JACKSON | ) |
|  | ) |

## MOTION TO RE-ENTER PREVIOUS ORDER OF 12 MAY 2005

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and moves this Court to re-issue its order, filed on 12 May 2005, and afford him the relief contained therein, including the granting of funds to hire a private investigator, sixty (60) days to investigate the relevant issues, and thirty (30) days thereafter to file supplemental pleadings. This new order is necessary and appropriate because Mr. Jackson's counsel never received notice of the earlier order. In further support of this motion, Mr. Jackson shows the following:

1. One 16 November 2004, he filed and served a Motion to Vacate under 28 U.S.C. §2255.

2. On 28 April 2005, he filed a Supplemental Memorandum, Amendment to Motion to Vacate, and a Motion for Funds for Private

Investigator.

3. The motion for funds to hire a private investigator was based on information disclosed to the undersigned on or about 10 December 2004 and 18 March 2005, after the motion to vacate had been filed and served. The government had this information for a period of time before providing it to Mr. Jackson.

4. Mr. Jackson used this information to support the amendment to his motion to vacate, which he filed on 28 April 2005. Mr. Jackson also sought funds to hire a private investigator to pursue this information.

5. On 12 May 2005, this Court granted the motion for funds to hire a private investigator after obtaining the government's telephonic consent. However, neither Mr. Jackson nor his counsel received a copy of this order.

6. On 15 August 2005, M. Gordon Widenhouse, Jr., received a telephone message from opposing counsel, Matthew C. Hellman, inquiring whether Mr. Jackson intended to file any supplemental pleadings based on the Court's order allowing a private investigator. This message was the first knowledge Mr. Widenhouse had of the May 12 order.

7. Mr. Widenhouse immediately reviewed his files and confirmed they did not contain this order. He also confirmed with his legal assistant that this order had not been received. He then obtained an electronic copy of this order.

2

8. Mr. Widenhouse then contacted co-counsel, Shelagh R. Kenney, and learned she never received this order. Ms. Kenney also checked her files and confirmed they did not contain this order.

9. Mr. Widenhouse then telephoned Mr. Hellman and advised him of the situation. Mr. Widenhouse told Mr. Hellman he would contact the Court, relay this information, and likely file a motion seeking the relief requested herein. Mr. Hellman told Mr. Widenhouse the government did not oppose Mr. Jackson now being afforded sixty (60) days to obtain an investigator and pursue this matter followed by thirty (30) days to file appropriate pleadings.

10. Mr. Widenhouse then alerted the Court about the situation and his intention to file this motion.

11. The undersigned have no explanation about why they did not receive the earlier order, as they have received all other orders in this case, except the order allowing a one-day extension of time that was filed on 4 May 2005. Indeed, Mr. Widenhouse has handled a number of cases in this division and has always received orders of the Court. Nevertheless, the order of 12 May 2005 was never received by Mr. Widenhouse or Ms. Kenney. Both the May 4 and May 12 orders appear to have been filed electronically, which may explain the apparent absence of mailing.

12. Mr. Jackson should not be deprived of the relief ordered by this

3

Court due to this unfortunate development.

13. The interests of justice would best be served by re-entry of the earlier order and allowing Mr. Jackson the relief contained in it. Indeed, as previously noted, the government does not oppose this motion, including giving Mr. Jackson sixty (60) days to investigate this matter and thirty (30) days thereafter to file any supplemental pleadings.

14. Mr. Jackson expressly waives any time limitations under 28 U.S.C. §2266 necessary for granting this motion, including the allowance of any appropriate time for the government to file its response to the motion to vacate and Mr. Jackson to file a reply brief.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court:

1. Re-enter its earlier order allowing him $1,000.00 exclusive of reasonable expenses to hire a private investigator;

2. Grant him sixty (60) days to retain this assistance and investigate the matter;

3. Grant him thirty (30) days thereafter to file appropriate supplemental pleadings;

4. Allow the government at least thirty (30) days (and any additional time deemed appropriate) after any supplemental filing to file its response to the motion to vacate; and

4

5.     Grant other relief as appropriate, including a reasonable opportunity for Mr. Jackson to reply to the government's response.

RESPECTFULLY submitted this the 16th day of August, 2005.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax:    919-967-4953

**CENTER FOR DEATH PENALTY LITIGATION**

Shelagh Kenney
NCSB #28202
201 West Main Street
Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax:    919-956-9547

**ATTORNEYS FOR RICHARD ALLEN JACKSON**

5

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion to Re-Enter Previous Order of 12 May 2005 was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service.

This the 16th day of August, 2005.

RUDOLF WIDENHOUSE & FIALKO

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: 919-967-4900
Telefax:   919-967-4953

Served on:

Matthew C. Hellman
United States Department of Justice
1331 K. Street, NW
Washington, DC 20530

Richard L. Edwards
Assistant United States Attorney
U.S. Courthouse
Asheville, NC

01-108.P32

6