# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:00-CR-00074-1

UNITED STATES OF AMERICA )
)
)
v. )
)
)
RICHARD ALLEN JACKSON )
)

**FILED**
ASHEVILLE, N. C.

**NOV 1 6 2005**

U.S. DISTRICT COURT
W. DIST. OF N. C.

## MOTION FOR EXTENSION OF TIME
## TO FILE SUPPLEMENTAL MATERIALS

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and moves this Court for additional time in which to file his further amendments and supplemental materials supporting his motion under 28 U.S.C. §2255 and the amendment thereto. As explained more fully herein, this extension is necessary to facilitate the completion of investigation of the information belatedly provided by the government regarding another potential perpetrator of this crime. In further support of this request, Jackson shows the following:

1. Richard Allen Jackson was convicted and sentenced to death in this Court. Pursuant to his request, this Court has determined that he continues to be indigent and has appointed counsel to assist him in the preparation, filing, and litigation of a motion to set aside the judgment and sentence pursuant to section 2255. This comprehensive motion was filed on 16 November 2004.

2. In his motion filed pursuant to section 2255, Jackson raised numerous claims for relief based upon violations of his federal constitutional rights. Included in his claims were issues relating to (a) the failure of trial counsel to obtain and use an expert familiar with stun guns and the impact of the use of those guns on a person, particularly whether using a stun gun would leave a mark or blemish on the skin that could be identified solely from a photograph of a body, and the concomitant failure of trial counsel to challenge adequately the expert proffered by the government on this issue, including the failure to make a preliminary challenge to this testimony, the failure to impeach this testimony, and the failure to rebut this testimony; (b) the failure to identify, obtain, and use an expert in early childhood development who could have educated the jury regarding the significant effect of the physical, psychological, and emotional deprivation Jackson experienced during the first five and one-half years of his life; (c) the failure to identify, obtain, and use an expert in the area of autism who would have confirmed that Jackson suffers from a severe developmental disorder, explain the effects of this significant psychological condition on Jackson's behavior, and educated the jury about how this condition would have impacted and limited Jackson, as well as providing an explanation and link between the autistic condition of Jackson's biological sister and himself that would have established the genetic and biological link between these two sibblings that would have allowed the admission of important mitigating evidence regarding the behavior and condition of the biological sister vis-a-via Jackson; (d) the failure of trial counsel to establish the link between Jackson and his biological sister from expert analysis that trial counsel possessed at the time he proffered this

2

Case 1:00-cr-00074-MR   Document 259   Filed 11/16/05   Page 2 of 6

important mitigating evidence; (e) the failure of trial counsel to present any expert psychological testimony regarding Jackson's seriously impaired mental, emotional, and psychological condition at the time of the crimes; (f) the failure of trial counsel to seek a continuance of the trial because they had not been given adequate time to prepare; (g) the failure of trial counsel to pursue resolution of this matter through a plea bargain in a timely manner; (h) and the failure of trial counsel to obtain Mr. Jackson's consent before both admitting his guilt in opening statement and closing argument and opening the door to the introduction of his confession, which was the subject of a motion to suppress and which the government had indicated it would not offer during its case-in-chief.

3. Mr. Jackson filed several motions in conjunction with his motion under section 2255, including a comprehensive request for funds to secure expert assistance in several areas. This Court denied this motion on 31 January 2005. At the same time, this Court granted Mr. Jackson until 17 March 2005 in which to file "any additional affidavits or pleadings for consideration in this matter," but cautioning him to avoid merely reiterating factual or legal arguments already presented.

4. On 28 April 2005, Mr. Jackson filed a supplemental memorandum in this matter, along with numerous attachments that included forty-one (41) affidavits from various people, including all of Mr. Jackson's trial attorneys and at least five experts. At the same time, Mr. Jackson filed an amendment to his motion to vacate based on information revealed by the government after Mr. Jackson had filed his motion to vacate under 28 U.S.C. §2255. This amendment raised issues going to the jurisdiction of the court as well as factual matters

3

Case 5:00-cr-00074-HR Document 250 Filed 11/16/05 Page 3 of 6

regarding Mr. Jackson's culpability. Mr. Jackson also filed a motion requesting funds with which to hire a private investigator.

5. On 19 August 2005, this Court reentered an order granting funds for a private investigator and allowing Mr. Jackson time to investigate and file any supplemental pleadings or motions. This supplemental response is due to be filed on 17 November 2005.

6. The undersigned have endeavored to meet this deadline. However, the investigation has revealed the need for further investigative efforts, as more fully explained in an ex parte motion being filed under seal in this Court simultaneously with the filing of this motion.

7. For the reasons stated in the ex parte motion filed under seal, the undersigned request additional time as this Court deems appropriate to investigate and file supplemtnal materials.

8. To the extent necessary to facilitate this motion, the undersigned waive any time periods prescribed in 28 U.S.C. §2266 and consent to any additional time the government might need to respond under these circumstances.

9. The interests of justice would best be served by allowing the undersigned an additional time as this Court deems appropriate to further investigate and file supplemental materials in this matter.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court extend the time in which to file his supplemental materials in this matter and for such further relief as the Court deems appropriate..

4

RESPECTFULLY submitted this the 16th day of November, 2005.

RUDOLF WIDENHOUSE & FIALKO

M. Gordon Widenhouse Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:    919-967-4900
Telefax:       919-967-4953

CENTER FOR DEATH PENALTY LITIGATION

Shelagh Kenney
NCSB #28202
201 West Main Street
Suite 301
Durham, NC 27701
Telephone:    919-956-9545
Telefax:       919-956-9547

ATTORNEYS FOR RICHARD ALLEN JACKSON

5

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that a copy of the foregoing Motion for Extension of Time to File Supplemental Materials was duly served upon the following by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service.

This the 16th day of November, 2005.

**RUDOLF WIDENHOUSE & FIALKO**

M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:   919-967-4900
Telefax:      919-967-4953

Served on:

Matt Hellman
United States Department of Justice
1331 K. Street, NW
Washington, DC 20530

ALSO SERVED VIA TELEFAX

01-108.P20