IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV251
(1:00CR74)

**FILED**
ASHEVILLE, N. C.

DEC - 1 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| RICHARD ALLEN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION
FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL MATERIALS**

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and submits this Opposition to the Petitioner's Motion for Extension of Time to File Supplemental Materials.

On November 16, 2004, Jackson filed his Motion to Vacate Conviction and Sentence under 28 U.S.C. Section 2255. In conjunction with his motion, Jackson sought a "sufficient period of time within which to file such amendments to this Motion as might be necessary . . ." On November 22, 2004, the Court required the government to respond to the request for leave to amend. The government filed its objection to Jackson's request. On January 31, 2005, the Court ruled that amendment would be permitted as long as it "related back" to the original motion.

On December 10, 2004, and thereafter on March 31, 2005, the government disclosed to Jackson "new evidence" that was provided to the government by the FBI just two months prior. Specifically, the government turned over "FBI Form 302s relating to interviews of Kristy Delana

Clement, William Darren Clement, Robert Louis Lunsford, Paul Thomas Candler, and Jeffrey Ervine Spivey; printouts from the Buncombe County Sheriff's Office concerning a citizen call that came in one December 15, 2003; and a cassette tape apparently also from December 15, 2003 . . . concern[ing] an allegation that Mr. Lunsford, a/k/a/ 'Crazy Bob,' assisted Richard Allen Jackson in the abduction and/or murder of Karen Styles . . ." and "reports concerning the FBI's polygraphing 'Crazy Bob.'" In all, some 47 pages of documents were turned over. The government advised that it would not object to Jackson's ability to file a claim based on the new information.

On April 28, 2005, Jackson filed three documents: 1) Supplemental Memorandum in Support of Motion of Richard Allen Jackson to Vacate Conviction and Sentence Pursuant to 28 U.S.C. Section 2255; 2) Amendment to Motion of Richard Allen Jackson to Vacate Conviction and Sentence Pursuant to 28 U.S.C. Section 2255; and 3) Motion for Funds to Hire a Private Investigator. The latter two filings both focused upon the "new evidence" disclosed to Jackson by the government following the filing of his original Motion to Vacate. Respondent did not object to Jackson's motion for the appointment of a private investigator. On May 11, 2005, the Court granted Jackson's request. The Court ordered that Jackson had 60 days in which to conduct an investigation and then 30 additional days in which to present any additional matters.

Thereafter, on August 16, 2005, Jackson moved for reentry of the August 19, 2005 Order, claiming that his counsel had never received a copy of the Order and only first became aware of its existence when contacted by Respondent on August 15, 2005. Respondent once again did not object to Jackson's motion. On August 19, 2005, the Court re-entered its previous order granting the motion for the appointment of a private investigator. As before, the Court granted Jackson 60 days

in which to conduct an investigation and 30 days thereafter in which to present any additional matters.

Jackson now comes before the Court and moves for an extension of time in which to investigate and file supplemental materials. Respondent objects to the motion. Respondent first objects to the fact that Jackson, concurrent with his request for an extension, filed under seal a motion explaining how "the investigation has revealed the need for further investigative efforts." Beyond the fact that Jackson's initial request to hire an investigator and for time in which to conduct the investigation and then file claims was not filed ex parte, and yet he was able to detail his claim regarding alleged participation in the killing by "Crazy Bob," Jackson has failed to make the threshold showing necessary before a document can be filed ex parte. Title 21, Section 848(q)(9) governs the granting of expert assistance to indigent defendants to assist them in their federal habeas corpus appeals. As the statute sets forth,

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10).

Jackson cited Section 848(q)(9) when he first filed his motion for funds to hire a private investigator. In support of his assertion that the investigator was "reasonably necessary," Jackson argued, "newly discovered evidence has emerged and been provided by the government that is material to questions of jurisdiction, guilt, and penalty . . . Mr. Jackson needs investigative assistance to explore and develop this new information." Section 848(q)(9) also provides, however, that "No ex parte proceeding, communication, or request may be considered . . . unless a proper showing is

3

made concerning the need for confidentiality." And as the Fourth Circuit has made clear, that showing must be made in an adversarial setting. *See Williams v. Taylor*, 189 F.3d 421, 430 (4th Cir. 1999), *rev'd in part on other grounds*, 529 U.S. 420 (2000). It is not permissible to allow an ex parte proceeding for the purposes of establishing the need for proceeding ex parte. *Id.* Jackson should be required to disclose to Respondent his reasoning in support of his request for additional time to investigate and file any additional matters.

But even without the benefit of Jackson's reasoning, Respondent believes that Jackson has had an abundance of time in which to conduct an investigation and present any additional claims for relief or supplement his existing his claims. The "new evidence" that the government provided to Jackson following filing of his Motion to Vacate consisted of less than 50 pages and a single cassette tape. *See* Supplemental Memorandum in Support of Motion of Richard Allen Jackson to Vacate Convictions and Sentence to Pursuant to 28 U.S.C. Section 2255, Exhibit 4, letters dated December 10, 2004 and March 18, 2005, from Richard L. Edwards to Defense Counsel ("The documents are Bates stamped CP0001 through CP0029" and "CP0030 through CP0047.") Also, the materials focused on a single issue: the claim that "Crazy Bob" assisted Jackson in the killing of Styles. Clearly, Jackson was able to initially digest, investigate, analyze, and then present this claim and supporting material when he filed his 14-page Amendment to Motion to Vacate on April 28, 2005. Respondent, having received a copy of the Court's May 11, 2005 Order granting Jackson 60 days to investigate and 30 days to file any additional matters, and having also viewed the Court's Order by visiting PACER and scanning the docket report, was able to craft a response to Jackson's additional claim and supporting documentation by the time Jackson's initial 90 days to investigate and file claims had run. During the 90 additional days that Jackson was given on August 19, 2005,

4

Respondent has merely been waiting for Jackson to raise any additional matters. Respondent sees no reason as to why Jackson was unable to meet the Court's deadline. And as noted above, Jackson offers none.

For the above reasons, Respondent respectfully requests that the Court DENY Jackson's motion. Jackson's 90 total days to investigate and raise any additional matters having passed on November 17, 2005, Respondent suggests that the Court grant Jackson one week in which to file any additional claims or forfeit the right to do so.

This the 1st day of December, 2005.

Respectfully submitted,

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

for MATTHEW C. HELLMAN
Trial Attorney
United States Department of Justice
Capital Case Unit
1331 F Street, NW
Washington, D.C. 20530
(202) 353-0580

# CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the above upon the defendant by preparing a copy of the same, together with a copy of this certificate of service, for mailing to the defendant. Upon the filing of this pleading and certificate with the Court, a "file stamped" copy of such documents will be placed in an envelope, with adequate postage thereon, in an official depository of the United States Postal Service addressed to:

M. Gordon Widenhouse, Jr.
Rudolf Widenhouse & Fialko
312 West Franklin Street
Chapel Hill, NC 27516

Shelagh Rebecca Kenney
Center for Death Penalty Litigation, Inc.
201 West Main Street, Suite 301
Durham, NC 27701

being the address of counsel of record for the defendant. In the event these documents are not served upon the defendant in the manner and on the date described herein, the United States will immediately notify the Court and the defendant of the factually correct method of service of these documents.

This the _1st_ day of December, 2005.

_Alicia W. Shelton_
ALICIA W. SHELTON
Paralegal Assistant

Case 1:00-cr-00074-NR   Document 253   Filed 12/01/05   Page 6 of 6