# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV251
(1:00CR74)

| | |
|---|---|
| RICHARD ALLEN JACKSON, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's motion, filed in the public record, for an *ex parte* hearing to seek additional funds for a private investigator and other expert assistance. The Government has filed its opposition to the Petitioner's motion. Because the Court has consulted certain materials previously filed under seal in ruling on this motion, a separate order has been filed which contains reference to those matters. This Order is to be filed in the public record. For the reasons stated herein, the motion for an *ex parte* hearing is denied and the motion for additional funds and other experts is denied.

I. PROCEDURAL HISTORY

2

## I. PROCEDURAL HISTORY

On November 16, 2004, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his conviction and sentence. **Motion, filed November 16, 2004.** Included in the prayer for relief of that motion were requests for discovery, a hearing, and leave to amend the § 2255 petition. On the same date that the § 2255 motion was filed, Petitioner moved for leave to interview jurors and for the disclosure of confidential records by the Buncombe County Department of Social Services. On November 22, 2004, the undersigned provided the Government an opportunity to respond to these requests. While these motions were pending, the Petitioner moved for funds at Government expense to retain experts. **Motion, filed December 21, 2004.**

By Order entered January 31, 2005, the undersigned made the following rulings: (1) no decision would be made as to the issue of whether any amendment to the § 2255 motion would relate back to the date of original filing until such time as an amendment was filed; (2) the Petitioner's general request for discovery failed to make specific allegations showing the right to any relief, and thus, it was denied; (3) the request for files from the Department of Social Services was denied

3

because the Petitioner sought to ascertain whether any complaints had ever been filed against foster parents with whom the Petitioner had lived as a child; however, he only sought that information as to complaints made concerning other children, not himself; (4) the request for leave to interview jurors was denied as a "fishing expedition;" (5) the request for an evidentiary hearing was denied with leave to renew; (6) Petitioner's request for the appointment of an expert to attack the opinion of Dr. Stratbucker, an expert witness at trial, was denied because the United States Fourth Circuit Court of Appeals ruled that the admission of his expert testimony was proper; (7) the Petitioner's request for an expert on childhood development was denied due to the fact that several experts appointed for the Petitioner during his trial were qualified to testify as to that issue; (8) Petitioner's request for the appointment of an expert in autism was denied because adequate grounds in support of the motion were not stated; and (9) the request to re-appoint certain experts to investigate the connection between the Petitioner's mental health and that of his biological sister was denied because the issue had been addressed and rejected on direct appeal.

4

On March 11, 2005, the Petitioner moved for an extension of time within which to file any supplemental materials. That motion was granted by Order entered March 14, 2005. On March 24, 2005, the Petitioner moved for a second extension, a motion which was granted on March 25, 2005. On April 28, 2005, the Petitioner moved a third time for an extension, moved in the public record for the appointment of a private investigator, moved to amend his § 2255 motion and filed an amendment to the motion in the public record which contained detailed information which the Petitioner now seeks to keep under seal. The undersigned allowed a third extension of time within which to file supplemental materials, a private investigator was appointed and the Petitioner was given a 60 day period within which to conduct the investigation.[1] **Orders, filed May 4 and 12, 2005.** In August 2005, the Court was notified by the Petitioner that he had never been served with the May 2005 Orders. As a result, the Order was re-entered and the Petitioner was provided an additional period of time within which to use the services of a private investigator. **Order, filed August 19, 2005.**

---

[1]The Government did not object to either request.

5

On November 16, 2005, the Petitioner filed two motions: one for yet another extension of time within which to file supplemental materials and an *ex parte* motion for "further investigative efforts." The undersigned denied the motion for an extension of time and denied the *ex parte* motion without prejudice to renewal providing that counsel gave "specific reasons for confidentiality." **Order, filed November 18, 2005.** On December 5, 2005, the Petitioner moved in the public record for an *ex parte* hearing on the issue of his need for additional funds for a private investigator and other expert assistance. The Government filed its opposition on December 19, 2005.

## II. EVIDENCE IN SUPPORT OF THE MOTION

The evidence which supports the Petitioner's motion was attached to the amendment to the motion to vacate. Such evidence will not be recounted here. Other information considered by the Court was filed under seal and will not be disclosed.

## III. DISCUSSION

6

There are two issues: (1) is the Petitioner entitled to have this matter heard in an *ex parte* manner; and (2) is he entitled to additional funding for a private investigator and to other services.

> In any post conviction proceeding under section [ ] 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate . . . investigative, expert or other reasonably necessary services shall be entitled to the . . . furnishing of such other services in accordance with paragraph[ ] . . . (9).

**21 U.S.C. § 848(q)(4)(B).**

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses[.] *No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality.*

**21 U.S.C. § 848(q)(9) (emphasis added).** This statute was amended in 1996 and "[o]ne of the amendments, applicable only to death penalty cases, changes the presumption from an *ex parte* hearing for services other than counsel to a process which is not to be held *ex parte* 'unless a proper showing is made concerning the need for confidentiality.'" **United States v. Gonzales, 150 F.3d 1246, 1264 (10th Cir. 1998) (quoting 21 U.S.C. § 848(q)(9).** Unless this showing is made, the Court is under no

7

obligation to allow an *ex parte* hearing. "Allowing an *ex parte* hearing to determine the need for an *ex parte* hearing not only seems convoluted, but it also runs afoul of the plain language of the statute." **Williams v. Taylor, 189 F.3d 421, 430 (4th Cir. 1999) (citing Gonzales, supra).**

Here, the Petitioner claims that revealing the contents of his motion would violate his work product privilege and reveal the theory of his defense. The Court will not dwell at length on the issue of whether the Petitioner has made a "proper showing" to have an *ex parte* hearing. Almost every detail alleged in the application in support of the motion was previously provided by the Government to the defense. It is, therefore, highly unlikely that any theory of defense or attorney work product would be divulged. Indeed, the Government provided that theory to the defense when it disclosed the FBI investigation.

Nonetheless, out of an abundance of caution, the Court considered this matter *ex parte* and retained certain filings under seal. This result will not prejudice the Government because, in the end, the Petitioner is not entitled to the services he seeks.

In determining whether the Petitioner has shown a reasonable necessity for the services sought, the undersigned considers three factors:

8

(1) the effect on [the Petitioner's] private interest in the accuracy of the trial if the requested service is not provided; (2) the burden on the government's interest if the service is provided; and (3) the probable value of the additional service and the risk of error in the proceeding if such assistance is not offered. *Undeveloped assertions that the requested assistance would be beneficial are insufficient to meet this burden.*

**United States v. Rodriguez-Felix**, ___ F.3d ___, 2006 WL 1523247, at **8 (10th Cir. 2006) (emphasis added).

Such is the case here. The information provided to the Petitioner by the Government is nothing more than the exaggerated musings of intoxicated individuals. The Petitioner's claims, despite having been given a period of time for investigation, remain undeveloped assertions. **Rojem v. Gibson, 245 F.3d 1130, 1139 (10th Cir. 2001) ("Rojem's requests for experts and an investigator were speculative, merely suggesting, without more, that such assistance would have been beneficial."); Roberts v. Ward, 176 F.3d 489 (table), 1999 WL 162751, at **7 (10th Cir. 1999) ("The bare assertion that an unnamed person was the actual perpetrator is wholly insufficient. . . . To hold otherwise would permit expenditure of the public weal on little more than figments of the imagination."); Smith v. Dretke, 422 F.3d 269, 288 (5th Cir. 2005) ("This court has upheld the denial of such funding when a petitioner has (a)**

9

failed to supplement his funding request with a viable constitutional claim that is not procedurally barred or (b) when the sought-after assistance would only support a meritless claim or (c) when the sought after assistance would only supplement prior evidence." (internal citations omitted)).

Moreover, it does bear noting that in the various confessions[2] given by the Petitioner prior to his trial, he never implicated anyone other than himself. Nor did he ever claim that the murder occurred anywhere other than in the Pisgah National Forest. As noted by the Fourth Circuit, "Jackson confessed fully." **United States v. Jackson, 327 F.3d 273, 280 (4th Cir. 2003).**

> He stated that he arrived at the park around 8:00 a.m. and watched Styles as she stretched and walked down the trail. After sitting for a while, he took the gun out of the back of the car, loaded it, and started down the trail. He also had duct tape, a stun gun, and a pornographic magazine in his coat pockets. After Karen Styles passed him on the trail, Jackson turned around and pointed the gun at her, whereupon Styles took a key out of her shoe and told Jackson that there was money in her car and that he could take the car. She pleaded with him not to hurt her. Jackson placed duct tape over Styles' eyes and mouth and led her to a remote area, where he stood her with her back to a tree and duct-taped her to the tree. The

---

[2] Trial testimony elicited a confession made by the Petitioner to another inmate while he was awaiting trial.

10

> duct tape on Styles' mouth had come loose by this time, and Styles again asked him not to hurt her. Jackson taped her mouth shut again, ripped off her shorts and underpants, and then raped her vaginally. . . . Jackson stated that he then moved away from Styles and looked at his pornographic magazine while masturbating. The tape over Styles' mouth loosened, and Styles began screaming. Jackson walked up to her, put the gun to her head, and shot her once. That afternoon, Jackson went back to the K-Mart, returned the gun, and received a refund.

*Id.* The undersigned does not find that the Petitioner has made a showing that additional services are reasonably necessary. **Smith, supra.** Thus, in its discretion, the Court finds that further funds are not warranted. *Id.*, at **289**.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion for an *ex parte* hearing is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Petitioner's motion for additional funds and expert assistance is hereby **DENIED**;

**IT IS FURTHER ORDERED** that any additional claims on behalf of the Petitioner shall be raised, if at all, on or before 30 days from entry of

11

this Order within a memorandum not to exceed 12 double spaced pages; and

**IT IS FURTHER ORDERED** that on or before 60 days after any such filing, the Government shall file response to the motion.

Signed: June 16, 2006

Lacy H. Thornburg
United States District Judge