# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

UNITED STATES OF AMERICA

v.

RICHARD JACKSON

: Crim. No. 1:00–CR–00074–1

## MOTION TO VACATE CONVICTION AND SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

Richard Jackson, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Mr. Jackson previously filed a § 2255 motion, which was unsuccessful. Subsequently, he sought and received permission from the United States Court of Appeals for the Fourth Circuit to pursue a second § 2255 motion in this Court. *See* Exhibit 1. Pursuant to the Fourth Circuit's June 16, 2016 Order granting Mr. Jackson authorization to file a second or successive § 2255 motion, Mr. Jackson files this motion and seeks the relief sought herein. [1]

In this Court in 2001, a jury convicted Mr. Jackson of a single count of 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). Mr. Jackson faced an increased potential

---

[1] Pursuant to Local Rule of Criminal Procedure 47.1(C), Section III.C of the Court's Pretrial Order and Case Management Plan, and instructions the undersigned received from the Clerk of Court to file a motion and an accompanying memorandum, Mr. Jackson is simultaneously filing an accompanying memorandum in support of this motion. Prior to this filing, counsel for Mr. Jackson conferred with counsel for the United States regarding the form of this filing (and the accompanying memorandum) and counsel for the United States indicated it has no objection to the form of the filing.

sentence under 18 U.S.C. § 924(j) and, after a separate sentencing hearing, he was sentenced to death.

Mr. Jackson's capital conviction and sentence cannot stand because, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the three alleged crimes of violence supporting his § 924(c) conviction for the use of a firearm during a crime of violence (i) federal murder pursuant to 18 U.S.C. § 1111(a), (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2) – do not qualify as crimes of violence.

Section 924(c) defines a crime of violence in two alternate clauses: the force clause of § 924(c)(3)(A) and the residual clause of § 924(c)(3)(B). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. In light of *Johnson*, the residual clause of § 924(c)(3)(B) is unconstitutionally vague because it suffers from the same defects that compelled the Supreme Court to hold the ACCA's residual clause unconstitutional.

The validity of Mr. Jackson's § 924(c) conviction thus depends on one of the three alleged underlying offenses qualifying as a crime of violence under the statute's force clause. For the reasons stated in the accompanying Memorandum of Law in Support ("the "Memorandum"), established Supreme Court and Fourth Circuit case law, as well as plain language statutory interpretation, dictate that none of the underlying offenses qualifies as crimes of violence under the force clause of § 924(c)(3)(A), as none categorically requires the intentional use of physical force.

Consequently, after *Johnson*, Mr. Jackson's conviction and sentence are unconstitutional and illegal and must be vacated.

2

## REQUEST FOR RELIEF

WHEREFORE, based on the foregoing and the reasons stated in the accompanying Memorandum, Mr. Jackson respectfully requests that the Court issue an order vacating Mr. Jackson's conviction and sentence.

Respectfully submitted this 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.
Alton L. Gwaltney, III
Frank E. Schall
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone: (704) 331- 1000
Facsimile: (704) 378-2054
Email: johnfagg@mvalaw.com
      larrygwaltney@mvalaw.com
      frankschall@mvalw.com

***Counsel for Applicant-Petitioner***
***Richard Allen Jackson***

3

## CERTIFICATE OF SERVICE

The undersigned attorney for Applicant-Petitioner Richard Allen Jackson does hereby certify that the foregoing Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 and the accompanying memorandum were electronically filed with the Clerk of Court using the CM/ECF system. A Notice of Electronic Filing will be sent via the Court's ECF system to counsel of record. I also served the foregoing via first class mail to:

Leslie Caldwell
Assistant Attorney General
Jeffrey B. Kahan
United States Department of Justice, Capital Case Unit
1331 F Street, NW, 6th Fl.
Washington, D.C. 20530

Jill Westmoreland Rose
United States Attorney for the Western District of North Carolina
227 West Trade St., Suite 1650
Charlotte, NC 28202

This 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.

4

## CERTIFICATE OF CONFERENCE

I, John A. Fagg, Jr., hereby certify that, pursuant to Local Rule of Criminal Procedure 47.1(B), have not conferred with opposing counsel regarding their position on the relief sought herein. Conference with opposing counsel is not necessary because opposing counsel stated their opposition to the relief sought when Mr. Jackson sought leave from the United States Court of Appeals for the Fourth Circuit to file this motion in this Court.

This 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.

5