# EXHIBIT 1

FILED:  June 16, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-10**
**(1:00-cr-00074-MR-1)**
_____

In re: RICHARD ALLEN JACKSON,

       Movant

_____

O R D E R
_____

Richard Allen Jackson has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. We grant authorization for Jackson to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.

A copy of the § 2255 motion attached to Jackson's motion for authorization is transmitted to the district court in accordance with Local Rule 22(d).

Entered at the direction of the panel:  Judge Niemeyer, Judge Motz, and Judge King.

       For the Court

       /s/ Patricia S. Connor, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501, Richmond, Virginia 23219

June 16, 2016

_____

NOTICE OF AUTHORIZATION
_____

No. 16-10,    In re: Richard Jackson
              1:00-cr-00074-MR-1

TO: Parties and Counsel

The court has authorized a successive application for post-conviction relief in this case.

In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being transferred to the district court with the order granting authorization. Any proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals.

RJ Warren, Deputy Clerk

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:00–CR–00074–1 |
| v. | : | |
| RICHARD JACKSON | : | Civil No. _____ |

## MOTION TO VACATE CONVICTION AND SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

Richard Jackson, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Mr. Jackson states the following:

## INTRODUCTION

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague because its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch*, 2016 WL 1551144, at *4. While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id*.

(quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court found the clause impermissibly vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury," *Johnson*, 135 S. Ct. at 2557.

Mr. Jackson was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j). Specifically, the single count alleged as underlying crimes of violence for the § 924(c) charge: (i) murder pursuant to 18 U.S.C. § 1111(a); (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2); and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2).

To qualify as a crime of violence, these underlying offenses must fall under either 18 U.S.C. § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Jackson's capital conviction cannot be upheld under § 924(c)(3)(B)'s residual clause because its definition of a "crime of violence" requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale, which did not turn on the type of risk at issue but rather on how courts assess and quantify a crime's intrinsic risk. Numerous federal courts have recognized that § 924(e)'s residual clause is similar to the residual clause of §

2

924(c)(3)(B) in that both residual clauses require an "ordinary case' analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is. Because § 924(c) contains the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional.

Mr. Jackson's conviction likewise cannot be upheld under the remaining statutory subsection of § 924(c)(3)(A)'s force clause because murder, kidnapping, and aggravated sexual assault each do not categorically require the ***intentional*** use of physical force that this clause requires. Accordingly, after *Johnson*, Mr. Jackson's capital conviction is unconstitutional and illegal.

**<u>PROCEDURAL HISTORY</u>**

In this Court in 2001, a jury convicted Mr. Jackson of a single count of 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). The government alleged, and the jury found, that the crimes of violence underlying this § 924(c) violation were (i) murder as defined in 18 U.S.C. § 1111(a), (ii) kidnapping as defined in 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault as defined in 18 U.S.C. § 2241(a)(1)–(2). Under 18 U.S.C. § 924(j), Mr. Jackson's potential sentence was increased to any term of years, life, or death because he was found to have committed a murder during the course of the § 924(c) violation, and, after a

3

separate sentencing hearing, Mr. Jackson was sentenced to death.[1]   The Fourth Circuit affirmed.  *United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003).   The Supreme Court denied review.  *Jackson v. United States*, 540 U.S. 1019 (2003).

On November 16, 2004, Mr. Jackson filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence.  This Court denied the petition on June 19, 2009, *Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009), and declined to issue a certificate of appealability on July 13, 2010, *Jackson v. United States*, No. 1:04–cv–251, 2010 WL 2775402 (W.D.N.C. July 13, 2010) (unpublished).  The Fourth Circuit also denied a certificate of appealability.  *Jackson v. United States*, No. 09–0010 (4th Cir. Feb. 11, 2011).  The Supreme Court denied review.  *Jackson v. United States*, 133 S. Ct. 100 (2012) (mem.).

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) and the "ordinary case" analysis it required courts to undertake, are unconstitutionally void for vagueness in violation of the Fifth Amendment's guarantee of due process.  On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[1]Mr. Jackson also pleaded guilty and was sentenced for three offenses in North Carolina state court related to the same events underlying this federal conviction. These state convictions are not at issue here.

4

Mr. Jackson now files this second or successive motion under § 2255(h)(2) requesting relief from his conviction and sentence, which rely upon the residual clause of 18 U.S.C. § 924(c)(3)(B), because this clause is now unconstitutional in light of *Johnson*.  Pursuant to § 2255(f) & (h), this application is timely filed within one year of the date that *Johnson* was decided.

## STATEMENT OF FACTS

On May 7, 2001, Mr. Jackson was convicted of a single count of carrying or using a firearm during a crime of violence that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j).  On May 14, 2001, Mr. Jackson was sentenced to death.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), overruling *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidating the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.  Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Johnson*, 135 S. Ct. at 2257.

## STATEMENT OF THE LAW

Mr. Jackson's capital conviction and sentence cannot stand because, after *Johnson*, the alleged crimes of violence supporting Mr. Jackson's conviction for the

5

use of a firearm during a crime of violence – federal murder, kidnapping, and aggravated sexual assault – do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). After *Johnson*, the residual clause is void for vagueness. The validity of Mr. Jackson's § 924(c) & (j) conviction thus depends on one of these crimes qualifying as a crime of violence under the force clause. However, as set forth below, established case law and plain language statutory interpretation dictate that none of the three offenses alleged are crimes of violence under the force clause of § 924(c)(3)(A). Consequently, after *Johnson*, Mr. Jackson's conviction and sentence are unconstitutional and illegal.

## I.   PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

Under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause of 18 U.S.C. § 924(c)(3)(B) is void for vagueness. In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects the residual clause of 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws

6

that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

### A.    *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557.  The Court first reaffirmed that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular offense is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562.  That is, courts must assess whether an offense is a violent felony "'in terms of how the law ***defines the offense*** and not in terms of how an individual ***might have committed*** it on a particular occasion.'"  *Id.* at 2562 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008) (emphasis added).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted).  But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id*.  The Court

7

thus concluded that the process of determining what is the "ordinary case" is fatally flawed, rendering the clause unconstitutionally vague. *Id*. at 2557–58.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id*. The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.**    ***Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; the federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

8

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b). *See, e.g.*, *Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *see also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930–31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to § 16(b)"); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas

9

the Supreme Court in *Begay* interpreted the term 'violent felony.'  We have never recognized a distinction between the two.").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed.  *See United States v. Fuertes*, 805 F.3d 485, 500 n.6 (4th Cir. 2015) (considering whether offense qualifies as crime of violence under residual clause of § 924(c) based on whether "ordinary case . . . involves a substantial risk that the defendant will use physical force as a means to commit the offense"); *see also United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016) ("In determining whether an offense is a crime of violence under either [the force clause or the residual clause of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").[2]

---

[2]*Accord United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009) (explaining the court employs a "categorical approach" when determining whether a crime qualifies as a crime of violence for purposes of § 924(c), and does not consider the particular facts of conviction); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (same); *United States v. Jennings*, 195 F.3d 795, 797–98 (5th Cir. 1999) (same); *United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ("This circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence'"); *United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994) (explaining, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the

Indeed, in litigating *Johnson*, the United States agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem. After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22–23 (Mar. 20, 2015) (emphasis in original). The Solicitor General's analysis was undoubtedly correct. The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have recognized.[3]   *United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11–13

---

crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used).

[3]The Seventh and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague. *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

11

(N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at *2–6 (D. Md. Dec. 23, 2015).

For these reasons, Mr. Jackson's conviction for using a firearm during a crime of violence under 18 U.S.C. § 924(c) cannot be sustained upon any alleged crime of violence qualifying under the unconstitutionally vague residual clause of 18 U.S.C. § 924(c)(3)(B).

## II.    MURDER UNDER § 1111, KIDNAPPING UNDER § 1201, AND AGGRAVATED SEXUAL ASSAULT UNDER § 2241(a) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A).

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson*, Mr. Jackson's conviction and sentence must rely on a crime of violence qualifying under § 924(c)(3)(A)'s force clause. However, the alleged crimes of violence in this case, federal murder, kidnapping, and aggravated sexual assault, all fail to categorically qualify as crimes of violence under § 924(c)(3)(A).

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the

12

particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also McNeal*, 2016 WL 1178823, at *8 ("In determining whether an offense is a crime of violence under either clause [of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").

Under this well-established standard, federal murder, kidnapping, and aggravated sexual assault all fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A).

### A.   Murder under § 1111 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Murder pursuant to 18 U.S.C. § 1111 does not categorically qualify as a crime of violence under § 924(c)(3)(A) for at least two reasons: (1) murder may be accomplished without the *intentional* use of force; and (2) murder may be accomplished without the use of *violent physical* force.

The Supreme Court has recognized that "the use . . . of physical force against the person or property of another [] most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (citations and quotations omitted). The Fourth Circuit has similarly acknowledged that "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use

13

of physical force." *McNeal*, 2016 WL 1178823, at *12; *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve an intent beyond mere recklessness or negligence); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'").

At the same time, this Court has also recognized that, although "murder [under § 1111] requires a showing of malice aforethought," "[t]o prove malice, the Government does not have to show an intent to kill or injure." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003).   Indeed, a death resulting from a defendant's accidental conduct during the course of a felony can result in liability for murder under § 1111.  *See, e.g., United States v. Singletary*, 166 F.3d 336, 1998 WL 879059, at *2 (4th Cir. 1998) (per curiam) (noting defendant conceded that accidental behavior resulting in death during robbery "fell within the felony murder provisions of § 1111"); *United States v. Tham*, 118 F.3d 1501, 1508 (11th Cir. 1997) (noting that, under common law, "anytime commission of a felony caused a death, *even though unintentional or accidental*, the legal malice from the felony sufficed to transform the killing into a felony murder" and "Section 1111(a) enshrines this common law principle in federal statutory law, but restricts its application to arson and certain other enumerated felonies") (emphasis added).

Thus, the required malice to sustain a felony murder conviction under § 1111

14

is supplied by the commission of the felony itself, *see United States v. Chaney*, 493 Fed. App'x 448, 452 (4th Cir. 2012), while at the same time, many of the predicate felonies listed in § 1111 require no use or threat of force at all.[4] Hence, murder under § 1111 does not categorically require the use of force because liability may be predicated upon an unintentional death resulting from the commission of a non-forceful felony.

Because an intent to kill or even to injure is not required, the *mens rea* required to sustain a conviction of murder under § 1111 is "not enough to support a determination that a crime is a 'crime of violence.'" *Garcia*, 455 F.3d at 469. Murder under § 1111 does not categorically require the intentional use of physical force

---

[4]Most of the predicate felonies listed in § 1111 may be committed without the use or threat of force. For example, kidnapping may be accomplished in many non-forceful ways, as detailed *infra* in Section I.B. *See* § 1201. Aggravated sexual abuse may be accomplished without the use of force, as detailed *infra* in Section I.C, and for the same reasons, sexual abuse may also be accomplished without the use of force. *See* 18 U.S.C. §§ 2241, 2242. Arson does not have as "an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), because it may be accomplished by setting fire to one's own property, or by simply conspiring to commit an arson prior to the use, attempted use, or threatened use of any force. *See* 18 U.S.C. § 81. Treason and the several federal espionage statutes also do not require the use of force as an element of the crime. *See* 18 U.S.C. §§ 792–99, 2381. Sabotage may be accomplished simply through the production of defective war material. *See* 18 U.S.C. § 2154. Robbery of property belonging to the United States from another person does not require the use of force as an element of the offense. *See* 18 U.S.C. § 2112. Burglary involving controlled substances also requires no force. *See* 18 U.S.C. § 2118(b).

required by *Leocal* and *McNeal* to qualify as a crime of violence.[5]

And murder under § 1111 also fails to qualify as a crime of violence under § 924(c)(3)(A) because the offense does not require the use of violent physical force at all. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). But, as detailed above and also recognized by the Fourth Circuit, a death occurring during the commission of a non-forceful felony, without the use of any violent force by the defendant, can lead to a conviction of murder under § 1111. For example, if a bystander suffers a heart attack while a defendant is committing a predicate felony, the defendant could be charged and convicted of murder. *See United States v. Whitfield*, 548 Fed. App'x 70, 71–72 (4th Cir. 2013) (per curiam) (upholding this Court's finding under sentencing guidelines that victim was killed under circumstances constituting murder under § 1111 because death occurred during perpetration of a burglary or robbery), *affirmed*, *Whitfield v. United States*, 135 S. Ct. 785 (2015); *Whitfield v. United States*, No. 3:16–cv–00027, 2016 WL 427942, at *1 (W.D.N.C. Feb. 3, 2016) (noting "[u]pon seeing [defendant] enter her home, [the victim] became extremely agitated and began to cry and experience shortness of breath," defendant "ordered her from the

---

[5]The force clause of 18 U.S.C. § 16(a) at issue in *Leocal* is identical to the force clause of § 924(c)(3)(A) at issue here.

16

hallway into another room and instructed her to sit down," and later "it was found that [the victim] had died from a heart attack").

Similarly, a death occurring during a felony that resulted from intentional but only slightly offensive touching (such as when a bystander falls to their death after being recklessly but only slightly brushed aside by a defendant in the act of committing a felony) would sustain a murder conviction but yet not involve the use of "force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, required to constitute a crime of violence. Finally, any death resulting from accidental or negligent conduct by a defendant during the commission of any one of the felonies that do not require the use of force at all, detailed above at *supra* note 3, would support a conviction under § 1111, even though the defendant's conduct did not involve the use of violent physical force at all. *See Leocal*, 543 U.S. at 10 ("[W]e would not ordinarily say a person uses physical force against another by stumbling and falling into him.") (citations and quotations omitted). Indeed, the Fourth Circuit has recognized that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original).

Because neither the intentional use of force nor the actual use of any violent physical force are categorically elements of murder pursuant to § 1111, federal murder is not a crime of violence under the force clause of § 924(c)(3)(A).

17

**B.    Kidnapping Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

Kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence under § 924(c)(3)(A) because it may be accomplished without the use of violent physical force.  As noted above, for an offense to qualify as a crime of violence under the force clause, the offense must categorically involve the use, attempted use, or threatened use of physical force. *See* § 924(c)(3)(A).  Again, "[p]hysical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original).

Federal kidnapping does not categorically require violent physical force. Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Because a violation of § 1201 may be committed by means of fraud or deception instead of by force, it does not categorically include the element of physical force necessary to qualify as a crime of violence under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498–99 (concluding that sex trafficking by force, fraud, or coercion is not a crime of violence under either the force clause or residual clause of

18

§ 924(c) because it does not categorically involve physical force).[6]

Likewise, the requirement that the kidnapper "hold" the victim does not categorically require physical force.  As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint."

Because kidnapping under § 1201 may be accomplished without the use of any violent physical force, the offense does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

---

[6]*See also United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (holding South Carolina offense of assault and battery of a high and aggravating nature does not qualify as crime of violence because it does not categorically require physical force as an element); *cf. United States v. Aparicio-Soria*, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc) (reasoning, because Maryland offense of resisting arrest may be committed by either violent or nonviolent means, it does not qualify as a crime of violence under U.S.S.G. § 2L1.2, the reentry Guideline); *United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2013) (reasoning, because Maryland offense of second degree assault may be committed by either violent or nonviolent means, it does not qualify as a violent felony under § 924(e)(1)); *accord Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012) (noting "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450–52 (5th Cir. 2008) (holding California kidnapping statute did not include physical force as an element because crime could be accomplished through non-physical means).

19

**C.    Aggravated Sexual under § 2241(a) Assault Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

The federal offense of aggravated sexual assault under § 2241(a) is not categorically a crime of violence under § 924(c)(3)(A) because "knowingly caus[ing] another person to engage in a sexual act" by "threatening or placing that person in fear that any person will be subjected to. . . kidnapping," § 2241(a), may also be accomplished without the use of violent physical force by the defendant.

First, the sexual act element of § 2241(a) does not categorically require the use of violent physical force. A sexual act may involve "contact between the penis and the vulva or the penis and the anus," and such "contact involving the penis occurs upon penetration, *however slight*." 18 U.S.C. § 2254(2)(A) (emphasis added). This "however slight" contact does not rise to level of "*violent* force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original), required to qualify as a crime of violence under the force clause of § 924(c)(3)(A). Indeed, the Fourth Circuit has held that a Pennsylvania state statute requiring "'penetration, however slight, of the genitals or anus'" of another is not a crime of violence "[b]ecause physical force is not necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011) (per curiam) (quoting 18 Pa. Cons. Stat. § 3125)

The sexual act element of § 2241(a) does not categorically require the use of

20

violent physical force because none of the four definitions of sexual act from §

2246(2)(A)–(D) that apply to § 2241 require the use of any violent physical force. A

sexual act may involve "contact between the penis and the vulva or the penis and the

anus" with such "contact involving the penis occur[ring] upon penetration, *however*

*slight*,"  18 U.S.C. § 2254(2)(A) (emphasis added), or "the penetration, *however*

*slight*, of the anal or genital opening of another by a hand or finger or by any object,

with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C)

(emphasis added).  This "however slight" contact does not rise to required level of

"*violent* force – that is, force capable of causing physical pain or injury to another

person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original).  Indeed, this Court

has held that a statute requiring "'penetration, however slight, of the genitals or

anus'" of another is not a crime of violence "[b]ecause physical force is not

necessary."  *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011)

(per curiam) (quoting 18 Pa. Cons. Stat. § 3125).[7]

---

[7]In *Leshen*, the Fourth Circuit considered, *inter alia*, whether the Pennsylvania offense of aggravated indecent assault qualified as a crime of violence within the meaning of U.S.S.G. § 2K2.1(a), which adopted the meaning of crime of violence from  U.S.S.G. § 4B1.2(a).   The force clause of § 4B1.2(a)(1) defines a crime of violence as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," whereas the force clause at issue here from § 924(c)(3)(A) defines a crime of violence as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Thus, the force clause at issue in *Leshen* mirrors the force clause in this case in all relevant aspects.

A sexual act may also involve "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," § 2254(2)(B), or "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," § 2254(2)(D). Since *any* contact under these definitions of a sexual act, rather than contact through violent physical force, can sustain a conviction for aggravated sexual assault, the required sexual act does not involve the force necessary under § 924(c)(3)(A). *See, e.g, Johnson (Curtis)*, 559 U.S. at 139–40 (holding "the slightest offensive touching" does not rise to the level of "force" required for offense to qualify as "violent felony" under 18 U.S.C. § 924(e)(2) because "by itself, the word 'violent'. . . connotes a substantial degree of force,").

The sexual act underlying a conviction for aggravated sexual assault may also involve "the penetration, *however slight*, of the anal or genital opening of another by a hand or finger or by any object, with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C) (emphasis added), or the "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," 18 U.S.C. § 2254(2)(D). Hence, none of the four definitions of sexual contact from § 2254(2)(A)–(D) that apply to aggravated sexual assault under § 2241 categorically require the use of violent physical force.

22

Moreover, aggravated sexual assault only requires that a defendant "knowingly caus[e] another person to engage in a sexual act," § 2241(a), which may be accomplished by the defendant knowingly causing another person to engage in a sexual act with a third party, such that the defendant never touches another person at all, and so cannot be said to have used force at all. Indeed, this Court has recognized that "the relevant inquiry in determining whether an offense qualifies as a crime of violence [under § 924(c)(3)(B)] is not simply whether there is a substantial risk of physical injury" but "whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime." *Fuertes*, 805 F.3d at 500 (emphasis in original).

Consequently, the elements of aggravated sexual assault of "knowingly caus[ing] another person to engage in a sexual act" do not categorically require the use of violent physical force.

The remaining elements of aggravated sexual assault may also be accomplished without the use of physical force, as the offense is complete if a defendant knowingly causes another person to engage in a sexual act by "threatening or placing that person in fear that any person will be subjected to . . . serious bodily injury, or kidnapping." *See* § 2241(a). As described above, kidnapping can be accomplished in many non-forceful ways, and hence the threat of a non-forceful kidnapping would complete the crime of aggravated sexual assault without the use

23

or threat of physical force.  This Court also recognizes a distinction between statutes that entail a threat to use violent physical force and those that more broadly involve threats of a result of serious bodily injury.  *See Torres-Miguel*, 701 F.3d at 169 ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force.") (emphasis in original). Thus, an offense only qualifies as a crime of violence under the force clause of § 924(c) if it "entails a threat to use violent physical force, and not merely a threat to cause bodily injury."  *See McNeal*, 2016 WL 1178823, at *13.  Aggravated sexual assault does not meet this requirement because it can be accomplished with the threat of a non-forceful kidnapping or the mere threat of serious bodily injury.

For these reasons, aggravated sexual assault under § 2241(a) does not qualify as crime of violence under the force clause of § 924(c)(3)(B).

<h1 style="text-align:center">CONCLUSION</h1>

Mr. Jackson's conviction and sentence of death are unconstitutional in light of the Supreme Court's holding in *Johnson*.  Under *Johnson*, the residual clause of § 924(c)(3)(B) is void for vagueness and thus unconstitutional. In addition, the offenses of murder under § 1111, kidnapping under § 1201, and aggravated sexual assault under § 2241(a) are not categorically crimes of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).  Mr. Jackson's claim in light of *Johnson* is properly based on a new rule of constitutional law that has been made retroactive by

24

the Supreme Court and was previously unavailable.  *See* 28 U.S.C. § 2255(h)(2).  In light of *Johnson*, Mr. Jackson's conviction for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c) must be set aside because it is not supported by a valid crime of violence.

## <u>REQUEST FOR RELIEF</u>

Wherefore, based on the foregoing, Mr. Jackson respectfully requests that the Court grant him the following relief:

(1) Leave to amend this motion;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) Should it assist the Court, a status conference to discuss the timing of the above; and

(4) A Writ of Habeas Corpus to vacate Mr. Jackson's conviction and sentence.

Respectfully Submitted,

/s/ John A. Fagg, Jr.

| | |
|---|---|
| John A. Fagg, Jr. | Shawn Nolan |
| Frank E. Schall | Federal Community Defender Office |
| Moore & Van Allen PLLC | for Eastern District of  Pennsylvania |
| 100 North Tryon Street, Suite 4700 | 601 Walnut Street, Suite 545 West |
| Charlotte, NC  28202 | Philadelphia, PA 19106 |
| (704) 331-1000 | (215) 928-0520 |

Counsel for Applicant-Petitioner

Dated:  May 24, 2016

25